**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:20-11213**

MICHAEL D. ARRINGTON,
    Plaintiff,

v.

CITY OF BOSTON, WILLIAM GROSS,
JOHN DOES, and HORACE COLEMAN
    Defendants.

**DEFENDANTS, CITY OF BOSTON AND WILLIAM GROSS'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I. INTRODUCTION

Defendants respectfully move pursuant to Fed. R. Civ. P. 12(b)(6) to have this Honorable Court dismiss the Plaintiff's complaint. Plaintiff, Michael D. Arrington, ("Plaintiff") appearing *pro se* brings this complaint against the City of Boston, the Boston Police Commissioner William Gross, unknown Police Department Cell Site Simulator Operators and Horace Coleman. In his complaint, Plaintiff makes many vague allegations that are devoid of any factual support. His complaint, as best as it can be summarized, accuses the Boston Police of intercepting his phone calls in an attempt to "keep Plaintiff down." The defendants, the City of Boston and Commissioner Gross respectfully move to dismiss the Plaintiff's complaint for failure to state a claim for which relief can be granted.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The first allegation against the Boston Police Department is made in paragraph fifty two of Plaintiff's lengthy complaint.  After describing various lawsuits he has filed in Florida, Plaintiff claims that while he was applying for a housing voucher he was "not aware that BPD had him under surveillance without and(sic) justifications whatsoever other than to keep Plaintiff down and to interfere or prevent Plaintiff from filing timely lawsuit against Miami-Dade Public School District."  (See ECF No. 1 at ¶ 52.)  His next allegation is stated plainly: "Defendants used cell site simulator to undermine Plaintiff."  (Id. at ¶ 53.)  Plaintiff goes on to describe interactions where an unknown and unnamed Boston Police Officer seemingly approached him without any reason only to tell him that he (the officer) knew where the Plaintiff was moving. (Id. at ¶¶ 54-55.)  Plaintiff also alleges that "BPD officers started contacting Plaintiff's medical and mental health providers and disseminated Plaintiff's medical and mental health information to the residents of Bedford Green Apartments."  (Id. at ¶ 62.)  He also alleges that "BPD officers sent unknown pornography links to Plaintiff's computer and e-mail." (Id. at ¶ 65.)  All of these allegations are made without providing any further facts that would lend any credibility to these allegations.  (Id. generally.)  The remainder of Plaintiff's complaint centers around his neighbor, co-defendant Horace Coleman and other residents, staff members, and a VA social worker who he claims knew about his private conversations.  (Id. at ¶¶ 66- 72.)

## III.    STANDARD OF REVIEW

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable

inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 91st Cir. 1999). However, this tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted). A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Twombly, 550 U.S. at 557 (quotations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). As for the Section 1983 claims, Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the plaintiff has failed to plead facts that suggest any actionable claims against the City, or Commissioner Gross in his individual capacity.

## IV.    ARGUMENT

The Plaintiff sues Commissioner Gross and the two unknown BPD Cell Site Simulator Operators in their individual and official capacities.  The official capacity claims must be treated as claims against the City.  "A suit against a municipal official in his or her official capacity is considered a suit against the municipality itself."  Diaz-Garcia v. Surillo-Ruiz, Civil No. 13-1473 (FAB), 2014 WL 4403363, at *5 (D.P.R. Sept. 8, 2014) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985); Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005)).  As discussed below, Plaintiff's official capacity claims, along with all of his claims against the City and Commissioner Gross must be dismissed.

### a. Plaintiff Has Failed To State A Claim Against Upon Which Relief Can Be Granted.

Plaintiff has failed to allege sufficient facts to give rise to any claim for relief that could be granted.  He relies on conclusory allegations against the Boston Police Department regarding their alleged surveillance of him.  His claims appear to be based on pure speculation and paranoia. He states that, BPD had him under surveillance in order to "keep him down" and "interfere" with him. However, he provides no detail about what facts led him to this conclusion. Plaintiff alleges that he has lawsuits pending in Florida, and seems to believe that somehow these suits prompted the Boston Police Department to begin harassing him.  (See EFC No. 1 at ¶¶ 50-52.) However, he provides no details that would make these allegations plausible.  In paragraph sixty-one Plaintiff claims that he has "reason to believe" that BPD was intercepting his e-mails, private instant messages and computer snooping much further back that 2017, yet he provides no explanation or justification for his beliefs.  These allegations of snooping and spying are not accompanied by any actual facts that would indicate that this activity is taking place.  He goes on

to claim that BPD has sent pornography to his computer but provides no indication as to how he determined these emails came from the Boston Police Department.

The only allegation that Plaintiff makes which in anyway directly involves the Boston Police Department is the mysterious encounter he describes at the "The United States District of Massachusetts in Boston." He states that a "Boston police officer in uniform with no name tag on said to Plaintiff "you're thinking about moving to Traverse City, Michigan." (Id. at 54.) Plaintiff does not describe any other interaction with this officer or provide any other context to the conversation. The officer is unnamed and not described in anyway. It seems as if, according to the Plaintiff's Complaint, this mysterious officer approached the Plaintiff solely to validate his concerns that he was being spied on by BPD. Plaintiff does not provide any reasoning for these allegations other than that he is being targeted so that BPD can "undermine" him or "keep him down." Outside of this isolated bizarre interaction that the Plaintiff describes, he does not allege he has ever been approached by any BPD officers or provide any other evidence that he is being spied on. He claims that his cell phone and computer batteries have become drained over time, but this could be explained by any number of reasons that do not involve BPD illegally listening to the Plaintiff's calls.

## V.     CONCLUSION

For the foregoing reasons, the defendant, City of Boston respectfully requests that this Honorable Court dismiss all claims against it in Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
City of Boston and William Gross
By its attorneys,

Eugene L. O'Flaherty
Corporation Counsel


/s/ John Fahey
John A. Fahey, BBO#703399
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4017
John.Fahey@boston.gov


## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 21, 2020.



September 21, 2020　　　　　　　/s/ John Fahey
Date　　　　　　　　　　　　　　John A. Fahey