UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-11213

MICHAEL D. ARRINGTON,
    Plaintiff,

v.

CITY OF BOSTON, WILLIAM GROSS,
JOHN DOES, and HORACE COLEMAN
    Defendants.

**CITY OF BOSTON AND WILLIAM GROSS'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTY OF DEFAULT AGAINST THE CITY OF BOSTON AND COMMISSIONER GROSS OR IN THE ALTERNATIVE MOTION TO SET ASIDE ENTRY OF DEFAULT**

## I.   INTRODUCTION

Defendants, City of Boston (the "City") and William Gross ("Commissioner Gross") hereby oppose Plaintiff's Motion for Entry of Default or in the alternative, move to set aside entry of default against the City and Commissioner Gross.

In this case, the City and Commissioner Gross's Motion to Dismiss was filed one business day after a response to the Plaintiff's Complaint was due. This delay was a result of a miscalculation by defendant's counsel who mistakenly calculated the response to be due 21 days from the first business day after the complaint was served, rather than 21 days from the following day. While this error is inexcusable and deeply regretted by defense counsel, the

defendants ask that the court deny Plaintiff's Motion for Entry of Default or set aside any entry of default because this mistake was made in good faith. This mistake was not willful, will not result in any prejudice against the Plaintiff and the defendants have already raised meritorious defenses to the action in their motion to dismiss.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Michael Arrington, filed this action against the City of Boston, the Commissioner of the Boston Police Department William Gross, a John Doe Boston Police Cell Site Simulator Operator, and Horace Coleman. See ECF No. 1. The Complaint was filed on June 25, 2020. Id. Service for the City and Commissioner Gross in his official capacity was made upon a cadet at Boston Police headquarters on Friday August 28, 2020. See ECF 10 and 11. Counsel for the City and Commissioner Gross first received the Complaint via email on September 2, 2020. At this time counsel for the defendants mistakenly started calculating the time to respond to the complaint from the first business day following service of the complaint, Monday August 31, 2020, rather than the following day, Saturday August 29, 2020. As a result of this error, counsel for the defendants City and Commissioner Gross mistakenly believed the City and Commissioner's response was due Monday September 21 rather than Friday September 18, 2020. The defendants' Motion to Dismiss and Accompanying Memorandum was filed on Monday the 21st rather than Friday the 18th, but still fourteen days prior to the Plaintiff's return of service which was not filed until October 5, 2020. See ECF No. 7, 8, 10 and 11.

## III.     STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 55(c) an entry default can be set aside for "good cause." The courts apply a liberal standard in an attempt to ensure that an action should be resolved on its

merits. Bryan v. Lark Hotels, LLC, 323 F.R.D. 116, 117 (D. Mass. 2017) (citing Coon v. Grenier, 867 F. 2d 73, 76 (1st Cir. 1989)). The good cause standard turns with the unique facts of each case. Id. When determining if an entry of default should be set aside, the district court should consider the factors established in Coon v. Grenier, "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." Id. Of these seven factors the first three are typically given the most weight by courts. Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).

In Moran v. Mitchell, the District Court of Virginia addressed the issue of a good faith mistake made by an attorney when considering whether to set aside a default judgment. Moran v. Mitchell, 354 F. Supp. 86, 87 (E.D. Va. 1973). In this case counsel for the defendants mistakenly believed he had fifteen days to file his responsive pleadings rather than ten, the court determined that "such mistakes and misunderstandings ought not in and of themselves be sufficient to deprive a litigant of his day in court." Id. The court went on to state that the mistake should not result in a default "in a case such as this where… the defendants have raised what may be a valid defense to the merits of the action." Id.

**IV.   ARGUMENT**

Plaintiff's Motion for Entry of Default should be denied because good cause exists. The three main factors in determining good cause all trend in favor of the default being set aside. First, the City and Commissioner's failure to respond within 21 days of service was not at all willful, but rather a result of a miscalculation made by defense counsel. This is evidenced by the

fact that a Motion to Dismiss and Memorandum of Law were filed on the very next business day when defense counsel believed they were due.  Furthermore, defense counsel spoke to the Plaintiff on the morning of September 21 to discuss the Motion to Dismiss, at no point in that conversation did defense counsel indicate they were willfully defaulting.  Second, Plaintiff would not be prejudiced by the denial or setting aside of the default judgment.  Defendants Motion to Dismiss was filed one business day after a response was due and two weeks prior to the Plaintiff filing the return of service.  Furthermore, the Plaintiff recently requested an extension of time from the court to complete service on co-defendant Horace Coleman.  This very minor delay does not impact the case whatsoever.  Third, the City and Commissioner have already raised meritorious defenses in their Motion to Dismiss and accompanying Memorandum of Law filed on September 21.  The Plaintiff's complaint seems to be based entirely on speculation, and the allegations made against the Commissioner and the City are completely void of any factual support.

## V.     CONCLUSION

For the foregoing reasons, the defendants City of Boston and William Gross respectfully request that this Honorable Court deny Plaintiff's Motion for Entry of Default or in the alternative set aside the default.

Respectfully submitted,

Defendant,
City of Boston and William Gross
By its attorneys,

Eugene L. O'Flaherty
Corporation Counsel


/s/ John Fahey
John A. Fahey, BBO#703399
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4017
John.Fahey@boston.gov


## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 15, 2020 and paper copies will be sent to those indicated as non-registered participants on   October 16, 2020.



| October 15, 2020 | /s/ John Fahey |
|---|---|
| Date | John A. Fahey |