UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL D. ARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 20-11213-LTS |
| | ) |
| THE CITY OF BOSTON, WILLIAM | ) |
| GROSS, HORACE COLEMAN, and | ) |
| JOHN DOES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER ON PLAINTIFF'S MOTIONS FOR
ENTRY OF DEFAULT (DOCS. NO. 12, 13) AND PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE (DOC. NO. 15)

October 15, 2020

SOROKIN, J.

In this action, Plaintiff Michael D. Arrington, proceeding pro se, brings various state and

federal civil rights claims against Defendants the City of Boston, Boston Police Department

Commissioner William Gross, as-yet-unknown supervisors in the Boston Police Department's

Crime Prevention and Information Center, and Horace Coleman, a private citizen. Doc. No. 1.

Defendants the City of Boston and Gross have filed a Joint Motion to Dismiss (Doc. No.

7) for failure to state a claim. Arrington has filed Motions for Entry of Default (Docs. No. 12,

13)[1] against the City of Boston and Gross and a Motion for Extension of Time to Complete

Service (Doc. No. 15) as to Defendant Coleman. For the reasons which follow, Arrington's

---

[1] Arrington has moved to amend his Motions for Entry of Default to include a certification that he made a
good faith attempt to confer with opposing counsel. See Docs. No. 17, 18. The Court ALLOWS
Arrington's Motions to Amend and, in this Order, considers his Motions for Entry of Default (Docs. No.
12, 13) as amended.

Motions for Entry of Default are DENIED. Arrington's Motion for Extension of Time to Complete Service is ALLOWED. Further, it is ORDERED that Arrington shall respond to the Defendants' Joint Motion to Dismiss by **October 31, 2020**.

I.     BACKGROUND

        The Docket reveals that Arrington filed his Complaint against the Defendants on June 25, 2020. Doc. No. 1. Defendants Gross and the City of Boston were served with process on August 28, 2020. Docs. No. 10, 11. Their responses were due twenty-one days thereafter on September 18, 2020. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants Gross and the City of Boston missed this deadline by three days, filing their Joint Motion to Dismiss (Doc. No. 7) for failure to state a claim on September 21, 2020.[2]

II.     DISCUSSION

        A.     Plaintiff's Motions for Entry of Default and for Extension of Time

        Arrington has filed Motions for Entry of Default (Docs. No. 12, 13) against Defendants Gross and the City of Boston for their failure to respond to his Complaint within the time allotted. Arrington filed these Motions on October 5, 2020, after Defendants Gross and the City of Boston had appeared and filed their Joint Motion to Dismiss. A Court "has discretion to grant additional time to a party to plead or otherwise defend." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 1995). When a party has appeared and responded, but done so after their response was due, a Court may consider the length of their delay and any resulting prejudice to the plaintiff. See Dow v. Jones, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (refusing to enter default when defendant's motion to dismiss was "untimely by only three days . . . . [and] plaintiff suffered no substantial prejudice [from the] brief delay"). Here, the

_____

[2] In Defendants' opposition, counsel candidly confesses to having miscalculated the date upon which Gross and the City of Boston's responses were due. Doc. No. 16.

Defendants' delay was minimal and has not prejudiced Arrington. Consequently, Arrington's Motions for Entry of Default (Docs. No. 12, 13) are DENIED.

Arrington has also filed a Motion for Extension of Time to Complete Service (Doc. No. 15) upon Defendant Coleman. This Motion is ALLOWED.

      B.    <u>Defendants' Joint Motion to Dismiss</u>

The Court now turns to Arrington's failure to oppose the Defendants' Joint Motion to Dismiss (Doc. No. 7). Under the Local Rules, Arrington had fourteen days to oppose the Defendants' motion, L.R. 7.1, making his opposition due on October 5, 2020. To this date, Arrington has made no filing opposing the motion or requesting an extension of time to oppose the motion.

**The Court now ORDERS Arrington to respond to the Defendants' Joint Motion to Dismiss by October 31, 2020. Should Arrington fail to file a response to the Joint Motion to Dismiss by that date, he faces dismissal of his complaint due to failure to prosecute and failure to obey this Court Order.**

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629–30 (1962); <u>see</u> Fed. R. Civ. P. 16(f), 41(b); <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." <u>Tower Ventures, Inc.</u>, 296 F.3d at 45–46 (quoting <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."

Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

III.    CONCLUSION

Accordingly, it is hereby ORDERED that Arrington shall respond to the Defendants' Joint Motion to Dismiss by **October 31, 2020**. Arrington's Motions for Entry of Default (Docs. No. 12, 13) are DENIED. Arrington's Motion for Extension of Time to Complete Service (Doc. No. 15) is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge