# United States Court of Appeals
## For the First Circuit

No. 21-1524

MICHAEL D. ARRINGTON,

Plaintiff - Appellant,

v.

THE CITY OF BOSTON; GREGORY LONG, in his official capacity as Acting Commissioner of the Boston Police Department; WILLIAM GROSS, in his individual capacity; JOHN DOES, City of Boston Police Department Cell Site Simulator Operators; HORACE COLEMAN,

Defendants - Appellees.

Before

Lynch, Selya and Barron,
Circuit Judges.

**JUDGMENT**

Entered: February 15, 2022

After carefully considering the briefs and record on appeal, we affirm for substantially the reasons given by the district court.

First, Appellant contends that the district court erred in dismissing his claims against Appellees for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We review de novo. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). Shorn of bare legal conclusions and bald conclusory allegations, the factual content of Appellant's complaint, accepted as true, must have sufficed to make liability plausible, not merely conceivable. See Ocasio-Hernandez, 640 F.3d at 12 (1st Cir. 2011).

As the district court explained, Appellant failed to allege sufficient facts to tie Appellees to the alleged harm; rather, he relied upon bald accusations that Appellees were responsible. None of the allegations that he mentions, e.g., his phone calls to the ACLU, cure that defect. Although Appellant objects that he should have been allowed to amend his complaint, his response to Appellees' motion to dismiss did not suggest a cure for the defects, and Appellant did not move to amend and offer an adequate complaint.

Similarly, Appellant does not show that the district court abused its discretion in denying his motion for reconsideration by overlooking any material fact or committing any legal error. See Caribbean Management Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (standards).

Finally, Appellant objects that the district court abused its discretion in dismissing without prejudice claims against his former neighbor for failure to serve, despite several extensions of the service deadline. See Fed. R. Civ. P. 4 (m) (deadline and extensions); Calderon Serra v. Banco Santander Puerto Rico, 747 F.3d 1, 7 (1st Cir. 2014) (standard of review). However, none of Appellant's contentions rise to the level of appellate argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (issues merely adverted to, without developed argumentation, are deemed waived). For one thing, Appellant admitted that the neighbor was not living at the Lowell facility where process was left. See United States v. Tobins, 483 F. Supp. 2d 68, 75 (D. Mass. 2007) (under both federal and Massachusetts law, process must be left at defendants' usual and normal residences, not places they visit or occupy occasionally). Accordingly, Appellant fails to show any error.

Affirmed. See 1st Cir. Loc. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Michael Dewayne Arrington
Nicole Marie O'Connor
John Fahey