# United States Court of Appeals
## For the First Circuit

_____

No. 23-1124

MICHAEL DEWAYNE ARRINGTON,

Plaintiff - Appellant,

v.

THE CITY OF BOSTON; HORACE COLEMAN; GREGORY LONG, in his official capacity as Acting Commissioner of the Boston Police Department; WILLIAM G. GROSS, in his individual capacity,

Defendants - Appellees.

_____

Before

Barron, <u>Chief Judge</u>,
Lynch and Howard, <u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: January 9, 2024

      Presented is the third appeal arising from a civil rights lawsuit first filed in the United States District Court for the District of Massachusetts in June 2020. As an initial matter, the pending motion to seal is **GRANTED**, and the materials tendered under provisional seal will be held under seal pending further order.

      Plaintiff-appellant Michael D. Arrington filed a civil rights complaint against the city of Boston and certain other defendants, alleging that he had been the target of unlawful electronic cell phone surveillance by the Boston Police Department. The district court dismissed the complaint against one private individual defendant for failure to serve process, and against the city and its personnel for failure to state a clam. Arrington appealed, and the dismissal was affirmed on appeal. <u>1st Circuit Docket No. 21-1524</u>.

      Arrington then filed a post-judgment motion for reconsideration in the district court. The district court entered an electronic order denying the motion. The district court's order of denial was entered on June 22, 2022. Under the terms of Fed. R. App. P. 4(a)(1)(A), a notice of appeal from this order of denial would be due by July 22, 2022 (a Friday). Arrington filed a notice of

appeal on July 25, 2022 (a Monday), and was not aware that the appeal was untimely until an order to show cause was issued by this court on October 5, 2022. By then, it was too late to seek an extension under Fed. R. App. P. 4(a)(5). No "reopening" of the time to file an appeal was available under the terms of Fed. R. App. P. 4(a)(6), either. The appeal was dismissed as "incurably untimely." 1st Cir. Docket No. 22-1589.

Arrington then filed in the district court a motion invoking Fed. R. Civ. P. 60(b). The motion, as drafted, was directed at the appellate judgment in No. 22-1589, which had dismissed the appeal as untimely, rather than the underlying district court decision. The district court denied Arrington's Rule 60(b) motion "without prejudice as the district court lacks authority to provide relief from a judgment of the Court of Appeals . . .." Arrington filed the present appeal from that denial-without-prejudice.

As he has done before, Arrington argues that he was suffering medical symptoms during the time available for appeal in No. 22-1589 and that he did not realize that he had filed his appeal one business day late until he received this court's October 5, 2022 show-cause order. Arrington insists that these facts should be grounds for relief from the time-bar to his appeal in No. 22-1589. However, federal law expressly deprives the federal courts of this flexibility. See Fed. R. App. P. 26(b)(time extensions generally available for "good cause," but not for the filing of "a notice of appeal (except as authorized in Rule 4)"). The cases cited by Arrington are readily distinguishable, and do not clear a path for his time-barred appeal, or for reviewing or reconsidering the underlying merits of his claim(s).

The district court's denial of the Rule 60(b) motion is **AFFIRMED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Michael Dewayne Arrington
John Fahey
Bridget Davidson